IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN DOOLEY KENT, in his capacity As Receiver for Broad Reach Capital, LP, Broad Reach Partners, LLC, Bristol Advisors, LLC, and Investment Consulting LLC<br>1500 Market Street, Centre Square West Tower, Suite 3900<br>Philadelphia, PA 19102-2100,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD C. BRITTON<br>2901 Titanic Avenue<br>El Paso, TX 79904<br>    AND<br>NATURAL IMPACT HEALTH AND FITNESS LP<br>42231 6th St. West, Suite 205<br>Lancaster, CA 93534,<br><br>    Defendants. | Civil Action<br><br>NO. _____ |

# COMPLAINT

## INTRODUCTION

1. This action is brought pursuant to a June 29, 2020 Order (the "Receivership Order") issued by the Honorable Madeline Cox Arleo, United States District Judge for the District of New Jersey, in the underlying action brought by the Securities and Exchange Commission ("SEC" or the "Commission") against

1

Brenda Smith ("Smith"); Broad Reach Capital, LP ("Broad Reach Capital", "Broad Reach Fund" or the "Fund"); Broad Reach Partners, LLC ("Broad Reach Partners"); and Bristol Advisors, LLC ("Bristol") (collectively, the "Smith Defendants"), captioned *Securities and Exchange Commission v. Brenda Smith*, *et al.*, Civil Action No. 2:19-cv-17213 (MCA) (D.N.J.) (the "SEC Action"). True and correct copies of the SEC Complaint and the Receivership Order are attached hereto as Exhibit "A" and Exhibit "B," respectively.

2. The SEC Action arises out of an investment advisory fraud in which, *inter alia*, the Smith Defendants solicited approximately $100 million from investors for purported investment in sophisticated securities trading strategies. In reality, Smith took the vast majority of these funds for unrelated companies, to pay back other investors, and for personal use. And, in 2019, confronted with at least one investor trying to redeem its investment, Smith created a fictitious valuation of assets backed by false claims that she held billions of dollars in assets through a company she owned.

3. The fraud was perpetrated by Smith Defendants directly and through numerous affiliated entities owned or controlled by one or more of the Smith Defendants (referred to in the Receivership Order as "Affiliated Entities").

4. The Smith Defendants and Affiliated Entities operated out of offices in West Conshohocken, Pennsylvania, and, upon information and belief, all or a

majority of their conduct as set forth in this Complaint occurred in the Commonwealth of Pennsylvania.

5. Smith has been criminally prosecuted for her conduct. The government filed its criminal complaint against Smith on August 22, 2019 in the matter of *USA v. Smith*, No. 2:20-cr-00475-MCA-1 (D.N.J.) (the "Criminal Action"). On September 9, 2021, Smith pled guilty to Count Seven of the Criminal Indictment, which charged her with securities fraud. On May 4, 2022, in the Criminal Action, Smith was sentenced to serve 109 months in prison.

6. The SEC Action is ongoing, but currently stayed. Under the terms of the stay order, all orders relating to the Receivership and all powers granted to the Receiver remain in full force and effect during the pendency of the stay.

7. Plaintiff, Kevin Dooley Kent, was appointed under the Receivership Order to serve as the Receiver ("Receiver" or "Plaintiff") for the purpose of marshaling and preserving all assets, including, *inter alia*, monies, securities, choses in action, and properties of the Smith Defendants and the Affiliated Entities to maximize the recovery available to investors defrauded by Smith. This includes assets that (1) are attributable to assets derived from investors or clients of Smith Defendants; (2) are held in constructive trust for the Smith Defendants; (3) were fraudulently transferred by the Smith Defendants; and/or (4) may otherwise be

included as assets of the Smith Defendants or Affiliated Entities (collectively "the Receivership Estate" or "Receivership Assets"). *See* Ex. "B", Whereas ¶ 3.

8. In this regard, the Receivership Order provides that "Kevin D. Kent, Esq., of the firm Conrad O'Brien, is hereby appointed to serve without bond as receiver . . . to assume control of, marshal, pursue, and preserve the Receivership Assets." *See* Ex. "B", ¶ 5.

9. In the Receivership Order, the Court took exclusive jurisdiction and possession of the Receivership Assets, including, but not limited to, the assets of the following Smith Defendants and Affiliated Entities: Broad Reach Capital, LP; Broad Reach Partners, LLC; Bristol Advisors, LLC; BA Smith & Associates LLC; Bristol Advisors LP; CV Brokerage, Inc.; Clearview Distribution Services LLC; CV International Investments Limited; CV International Investments PLC; CV Investments LLC; CV Lending LLC; CV Minerals LLC; BD of Louisiana, LLC; TA 1, LLC; FFCC Ventures, LLC; Prico Market LLC; GovAdv Funding LLC; Elm Street Investments, LLC; Investment Consulting LLC ("Investment Consulting") and Tempo Resources LLC (collectively, "Receivership Parties" or "Receivership Entities"). *See* Ex. "B", ¶ 1.

10. Plaintiff, Kevin Dooley Kent, in his capacity as Receiver for, *inter alia*, the Receivership Assets and Receivership Parties, by and through his counsel, hereby asserts this action to recover, and avoid the fraudulent transfer(s) of,

Receivership Assets made by certain of the Receivership Parties to and/or on behalf of the Defendants, under theories of fraudulent transfer and unjust enrichment. The Receiver also demands an accounting from Defendants, including but not limited to all funds transferred by the Receivership Parties to them, for their benefit, on their behalf, or at their request, in whatever form.

## PARTIES

11.     Under the Receivership Order, the Receiver is a representative of this Court with the full powers of an equity receiver. *See* Ex. "B".

12.     The Receivership Order authorizes the Receiver to institute legal proceedings on behalf of and for the benefit of the Receivership Estate as may be necessary or appropriate in order to recover, conserve or maximize Receivership Assets, including, *inter alia,* actions seeking legal and equitable relief, to avoid fraudulent transfers, to collect debts, for disgorgement of profits, for creation of a constructive trust, for asset turnover, for rescission and restitution, and such other relief as this Court may deem necessary to enforce the Receivership Order. *See* Ex. "B", ¶¶ 50-51.

13.     Defendant Edward Britton ("Britton") is an individual whose last known address is 2901 Titanic Avenue, El Paso, TX 79904.

14.     Defendant Natural Impact Health and Fitness LP ("Natural Impact") is a legal entity incorporated in the State of California, with a principal address of

42231 6th Street West, Suite 205, Lancaster, CA 93534, a business address of 626 W. Lancaster Blvd. #11, Lancaster, CA 93534, and a mailing address of 3307 Sarazan Ave., Oakland, CA 94605.

15. Natural Impact's registered agent is Glennett Britton, and its registered agent address is 207 Clyde Street, Bakersfield, CA 93307.

16. The general partners of Natural Impact are Ira G. Britton and Arthur L. Britton.

17. It is believed, and therefore averred, that Defendant Britton is related to the general partners and registered agent of Natural Impact, that Britton is associated or affiliated with Natural Impact, and that the transfer of funds to Natural Impact may have been done at Britton's request, on Britton's behalf, and/or for Britton's benefit.

## JURISDICTION AND VENUE

18. Federal courts have jurisdiction over all suits in equity and actions at law brought to enforce any liability or duty created by the federal securities laws pursuant to 15 U.S.C. §§ 77v(a) and 78aa, which statutes are at issue in the SEC Action.

19. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367, as Receiver brings this action to accomplish the objectives of the

Receivership Order entered in the SEC Action, and as such this action forms part of the same case or controversy as the SEC Action.

20. Under the Receivership Order, this Court retains exclusive jurisdiction over and possession of the Receivership Assets.

21. This Court also has jurisdiction over this action under 28 U.S.C. §§ 754 and 1692. Receiver has filed copies of the Receivership Order with the United States District Court in each federal judicial district, including all federal districts in California and Texas. As a result of those filings, the Receiver is vested with complete control over any real or personal property of the Receivership Estate located in any federal judicial district, including in Texas and California, with the right to take possession of such property.

22. Venue is proper in this Court under 28 U.S.C. §§ 754, 1692 and 1391(a).

## FACTUAL BACKGROUND
### The Fraudulent Scheme

23. The SEC Action arises out of an investment advisory fraud that Smith Defendants operated from at least February 2016 through 2019, in connection with which Smith Defendants offered investors limited partnership interests in the Fund.

24. Since the Fund's inception, Smith raised approximately $100 million from investors, and investors are still owed approximately $60 million in principal.

25. To solicit and retain investors, the Smith Defendants represented that the funds would be invested in highly liquid securities through various sophisticated and profitable trading strategies with consistently high returns, including those that they were uniquely positioned to pursue because of their access to the trading floor of the Philadelphia Stock Exchange.

26. In reality, only a small fraction of investor money was actually used for these trading strategies. The vast majority of these investments were moved through bank accounts Smith controlled, funneled into unrelated companies, used to pay back other investors, or utilized for Smith's personal use.

27. Smith's fraudulent misappropriation and use of investors' funds caused the Receivership Parties to suffer harm, which the Receiver seeks to redress under Court authority.

28. Smith was able to conceal her fraudulent misappropriation and mishandling of investor funds through numerous misrepresentations to existing and prospective investors and others, including, *inter alia*, by generating and providing, directly or indirectly, false performance statements and fabricated documents regarding the Fund's assets and valuations.

**Transfer of Receivership Assets to Defendants**

29. Over the following series of transactions, Smith caused a net total of $1,129,845.50 in Receivership Assets to be transferred to and/or for the benefit of Defendants from Receivership Party Investment Consulting:

    a. On or about May 16, 2018, Smith caused $50,000.00 to be transferred to Britton from Investment Consulting;

    b. On or about May 16, 2018, $50,000.00 was returned by Britton to Investment Consulting;

    c. On or about May 17, 2018, Smith caused $50,000.00 to be transferred to Britton from Investment Consulting;

    d. On or about May 17, 2018, $50,000.00 was returned by Britton to Investment Consulting;

    e. On or about May 17, 2018, Smith caused $1,100,000.00 to be transferred to Natural Impact from Investment Consulting;

    f. On or about January 28, 2019, Smith caused $1,423.00 to be transferred to Britton from Investment Consulting;

    g. On or about January 28, 2019, Smith also caused $10,000.00 to be transferred to Britton from Investment Consulting;

    h. On or about January 29, 2019, Smith caused $11,422.50 to be transferred to Britton from Investment Consulting;

      i. On or about February 22, 2019, Smith caused $7,000.00 to be transferred to Britton from Investment Consulting.

30. There may have been additional transfers made to, on behalf, at the request, or for the benefit of Defendants, which the Receiver has not yet identified, which are subject to the Receiver's demand for an accounting.

31. Financial books and records belonging to the Receivership Parties and/or Smith provide no indication that the net amount of $1,129,845.50 paid to, on behalf, at the request, or for the benefit of Defendants was ever repaid to the Receivership Parties.

32. Upon information and belief, the Receivership Parties did not receive anything of value, or reasonably equivalent value, in exchange for these transfers to, on behalf of, at the request of or for the benefit of Defendants.

33. The transferred funds were derived directly or indirectly from investments made by investors in the Fund.

34. These payments from the Receivership Parties represent an unauthorized use of investor funds, because these payments bear no relationship to the Trading Strategies investors of Broad Reach Capital and TA 1, LLC had authorized Smith to pursue with their money.

## COUNT I (AGAINST ALL DEFENDANTS)
## ACTION TO AVOID FRAUDULENT AND VOIDABLE TRANSFERS

35. Receiver hereby incorporates Paragraphs one (1) through thirty-four (34) of this Complaint as if set forth at length herein.

36. As set forth in detail above, Receivership Party Investment Consulting, LLC made payments and/or distributions to, for the benefit of, at the request of, and/or on behalf of, Defendants in 2018 in 2019.

37. All transfers of Investment Consulting, LLC to, for the benefit of, at the request of and/or on behalf of Defendants were fraudulent and voidable transfers within the meaning of the Pennsylvania Uniform Voidable Transactions Act (previously known as the Pennsylvania Uniform Fraudulent Transfer Act), 12 Pa.C.S.A. § 5101, *et seq.*, the California Uniform Voidable Transactions Act, Cal. Civ. Code § 3439, *et seq.*, and/or the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code § 24.001, *et seq.*

38. Smith caused the transfer of assets to, for the benefit of, at the request of and/or on behalf of Defendants during the course of her operation of a fraudulent scheme.

39. Because Smith operated the Receivership Parties, including Investment Consulting, as part of a fraudulent investment scheme, all transfers of their assets to, for the benefit of, at the request of and/or on behalf of Defendants

were made with actual intent to hinder, delay and/or defraud the Receivership Parties' creditors and/or debtors, and are fraudulent and voidable.

40. When the transfers were made to, for the benefit of, at the request of and/or on behalf of Defendants, Smith was operating the Receivership Parties, including Investment Consulting, as part of a fraudulent investment scheme intending to incur, or believing or reasonably believing that the Receivership Parties would incur, debts beyond their ability to pay them as they became due.

41. The Receivership Parties were insolvent or became insolvent shortly after and/or as a result of the transfers made and were unable to pay their debts as they became due.

42. Defendants participated in the fraudulent and voidable transactions at issue as they received the benefit of the transfers.

43. Defendants did not take the fraudulent and voidable transactions in good faith, and did not provide any reasonably equivalent value to the Receivership Parties in exchange for these transfers.

44. The Receiver is entitled to avoid the fraudulent and voidable transfers to inure to the benefit of the Receivership Estate and in order to maximize the recovery available to the defrauded investors.

**Prayer for Relief as to Count I**

WHEREFORE, Receiver requests this Court enter a judgment in his favor and against Defendants, Edward C. Britton and Natural Impact Health & Fitness LP avoiding, setting aside, and requiring repayment of the net amount of the transfers made to them, at their request, for their benefit and/or on their behalf by Investment Consulting, LLC, as well as an attachment or other appropriate remedy against the assets transferred or other property of the Defendants. To the extent any of these funds have been used to acquire real or personal property in which Defendants claims an interest, Receiver also seeks a constructive trust and/or equitable lien over those assets, or alternatively, recovery of the asset(s) purchased with the Receivership Assets. The Receiver also requests interest, costs, and such other and further relief as this Court may deem just and proper.

**COUNT II (AGAINST ALL DEFENDANTS)**
**UNJUST ENRICHMENT**

45. Receiver hereby incorporates Paragraphs one (1) through forty-four (44) of this Complaint as if set forth at length herein.

46. The Receivership Parties conferred a benefit on Defendants through the transactions set forth above.

47. Defendants knowingly and voluntarily accepted and retained the benefits conferred upon them by the Receivership Parties.

48. The circumstances are such that it would be inequitable and unjust for Defendants to retain the benefits conferred by the Receivership Parties without paying the Receiver the value thereof.

### Prayer for Relief as to Count II

WHEREFORE, Receiver requests this Court enter a judgment in his favor and against Defendants, Edward C. Britton and Natural Impact Health & Fitness LP, in the amount they were unjustly enriched, including through disgorgement of sums equal to these amounts. To the extent any of these funds have been used to acquire real or personal property in which the Defendants claim an interest, Receiver also seeks a constructive trust and/or equitable lien over those assets or alternatively, recovery of the asset(s) purchased with the Receivership Assets. The Receiver also requests interest, costs, and such other and further relief as this Court may deem just and proper.

### COUNT III (AGAINST ALL DEFENDANTS)
### DEMAND FOR AN ACCOUNTING

49. Receiver hereby incorporates Paragraphs one (1) through forty-eight (48) of this Complaint as if set forth at length herein.

50. The Receiver is the successor in interest to the Receivership Parties and has assumed all of their rights and obligations, including without limitation the right to collect amounts owing on purported loans and advances made by the Receivership Parties.

51. The Receiver has determined that Smith caused the transfer of over $1.1 million in Receivership Assets to, for the benefit of, at the request of, and/or on behalf of Defendants in 2018 and 2019, pursuant to the transactional history set forth above.

52. The Receiver lacks the information to determine whether these were the only transfers made by Receivership Parties to, for the benefit of, at the request of, and/or on behalf of, Defendants, during Smith's operation of the fraudulent scheme.

53. Additionally, the information necessary to determine the true nature of these transactions, and to identify the existence of any additional transactions, is wholly or largely within the knowledge and control of Defendants.

54. The transactions in question occurred during the perpetration of a fraud, namely the fraudulent scheme operated by Smith through the Receivership Parties.

55. The Receivership Order grants the Receiver the authority to demand an accounting from parties who engaged in transactions with the Receivership Parties and/or who may possess Receivership Assets.

## **Prayer for Relief as to Count III**

WHEREFORE, Receiver requests this Court enter a judgment in his favor and against Defendants, Edward C. Britton and Natural Impact Health & Fitness

LP, requiring them to provide a full and accurate accounting of any and all assets received from, payments made on its behalf by, or transactions engaged in with, the Smith Defendants and Receivership Parties, and additionally requests interest, costs, and such other and further relief as this Court may deem just and proper.

                                                Respectfully Submitted,

                                                *s/ Robin S. Weiss*_____

Dated: 5/16/2022                Robin S. Weiss (N.J. ID. 018182011)
                                                Conrad O'Brien PC
                                                1500 Market Street, Suite 3900
                                                Centre Square, West Tower
                                                Philadelphia, PA 19102
                                                Phone: 215-864-9600
                                                Fax: 215-864-9620
                                                rweiss@conradobrien.com
                                                *Attorney for Receiver, Kevin Dooley Kent*