UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN DOOLEY KENT, in his capacity as Receiver for Broad Reach Capital, LP, Broad Reach Partners, LLC, Bristol Advisors, LLC, Investment Consulting LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>EDWARD C. BRITTON and NATURAL IMPACT HEALTH AND FITNESS LP,<br><br>*Defendants.* | Civil Action No. 2:22-cv-02845<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Kevin Dooley Kent's ("Receiver" or "Plaintiff") unopposed Motion for Default Judgment[1] pursuant to Federal Rule of Civil Procedure 55, ECF No. 6, against Defendants Edward C. Britton ("Britton") and Natural Impact Health and Fitness LP ("Natural Impact" and together with Britton, the "Defendants");

and it appearing that this action is brought pursuant to the Court's June 29, 2020 Order (the "Receivership Order"), in an underlying SEC Action[2] in which Plaintiff is seeking to recover and avoid the fraudulent transfer of Receivership Assets[3] to Defendants, see generally Compl. ¶¶ 1-2, ECF No. 1;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

[2] The underlying SEC Action arises out of an investment advisory fraud where the Smith and her co-conspirators solicited approximately $100 million from investors claiming that the funds would be used in highly liquid securities through various sophisticated and profitable strategies. While a small fraction of these investments were used for approved trading strategies, most of the investments were used for unrelated purposes. Compl. ¶¶ 2, 8.

[3] The Receivership Assets include assets that: (1) "are attributable to assets derived from investors or clients of Broad Reach Capital, LP, Broad Reach Partners, LLC, and Bristol Advisors" (collectively the "Smith Defendants"), (2) "are held in constructive trust for the Smith Defendants, (3) were fraudulently transferred by the Smith Defendants, and/or (4) may otherwise be included as assets of the Smith Defendants or Affiliated Entities." See Compl. Ex. B. (the "Receivership Order").

1

and it appearing that in the underlying SEC action, the Court took exclusive jurisdiction and possession of the Receivership Assets, and appointed Plaintiff to serve as the Receiver "to assume control of, marshal, pursue, and preserve the Receivership Assets," id. ¶ 4;

and it appearing that the Receivership Order "authorizes the Receiver to institute legal proceedings on behalf of and for the benefit of the Receivership Estate . . . in order to recover conserve, or maximize Receivership Assets," Receivership Order ¶¶ 50-51;

and it appearing that from May 16, 2018 until February 22, 2019, Smith caused a net total of $1,129,845.50 of funds derived directly or indirectly from investors, to be transferred to Defendants from Investment Consulting LLC,[4] see Compl. ¶ 29;

and it appearing that the $1,129,845.50 that was transferred to the Defendants was never repaid to the Receivership Parties, and the Receivership Parties did not receive "anything of value, or reasonably equivalent value, in exchange for these transfers[,]" see id. ¶¶ 9-10, 32;

and it appearing that because these payments "bear no relationship to the trading strategies investors . . . had authorized Smith to pursue with their money," they constitute an unauthorized use of investor funds, id. ¶ 34;

and it appearing that on May 16, 2022, Plaintiff filed a Complaint against Defendants alleging three claims: (1) an action to avoid fraudulent and voidable transfers, id. ¶¶ 11-13 ("Count I"); (2) unjust enrichment, id. ¶¶ 13-14 ("Count II"); and (3) a demand for an accounting, id. ¶¶ 14-16 ("Count III");

and it appearing that Britton and Natural Impact were served with a copy of the Summons and Complaint on July 16, 2022, and August 2, 2022, respectively, ECF Nos. 3, 4;

---

[4] The fraud here was "perpetrated by the Smith Defendants directly and through affiliated entities owned or controlled by one of more of the Smith Defendants." Compl. ¶ 3. Investment Consulting LLC was one of the numerous affiliated entities owned or controlled by one or more of the Smith Defendants. See id. ¶ 9.

and it appearing that as of the date of this Order, Defendants have failed to answer or otherwise respond to the Complaint;

and it appearing that on October 14, 2022, the Clerk of the Court entered default against Defendants in response to Plaintiff's request, ECF No. 5;

and it appearing that on February 6, 2023, Plaintiff filed the instant Motion seeking Default Judgment against Defendants, ECF No. 6;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sweeny Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects proper service upon Britton and Natural Impact, see ECF No. 3;[5]

and it appearing that, before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has federal question jurisdiction in the underlying SEC Action pursuant to 15 U.S.C. §§ 77v(a) and 78a and because the Receiver brings this case to accomplish the objectives of the underlying SEC Action, so this action forms part of the same case or controversy as the SEC Action, see S.E.C v. Investors Security Corp., 560 F.2d 561, 567 (3d Cir. 1997) (finding ancillary subject matter jurisdiction over a suit filed in furtherance of receiver's

---

[5] Plaintiff properly mailed and left copies of the summons and complaint at Natural Impact's registered agent's address pursuant to Cal. C.C.P. §§ 416.10(a); 416.40(a); § 415.20(a). As to Britton, Plaintiff hired a process server who made eight attempts at personal service upon Britton, none of which were successful. See ECF No. 4. The process server thereafter completed Affidavits of Non-Service, which establish that the process server did make a successful in-person inquiry regarding the whereabouts of Britton, in accordance with New Jersey Court Rule 4:4-5(b). Plaintiff then served Britton in accordance with N.J. Ct. R. R. 4:4-4(b)(1)(C) by mailing a copy of the Summons and Complaint via certified mail, return receipt requested at the address Britton was confirmed to reside. ECF No. 4. Plaintiff received proof of service on August 12, 2022, and mailed an additional copy of the Summons and Complaint to Britton by first class mail that same day. ECF Nos. 4; 4-5.

3

duties if "the receiver acted within the powers delegated by the courts to accomplish ends sought by the underlying action,"); see also 28 U.S.C. § 1367(a) (providing "supplemental jurisdiction over all . . . claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution");

and it appearing that the Court has personal jurisdiction over Defendants based on Federal Rule of Civil Procedure 4(k), 28 U.S.C. §§ 754 and 1692;

and it appearing that Britton is located in the Western District of Texas and Natural Impact is located in the Eastern District of California, see Compl. ¶¶ 13-15;

and it appearing that under Rule 4(k) "[s]ervice of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . when authorized by a statute of the United States[,]" Fed. R. Civ. P. 4(k)(1)(D), and it appearing that 28 U.S.C. § 1692 provides the relevant "authorization" to give this Court personal jurisdiction over Defendants;[6]

and it appearing that to invoke 28 U.S.C. § 1692 a receiver must also comply with 28 U.S.C. § 754, which states that a receiver "may obtain jurisdiction over property located in another district by filing in the district court of that district, within ten days after the entry of his order of appointment, a copy of the complaint and his order of appointment[,]" 28 U.S.C. § 754;

---

[6] 28 U.S.C. § 1692 states in relevant part that

> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district but orders affecting the property shall be entered of record in each of such districts.

and it appearing that in accordance with 28 U.S.C § 754, the Receiver has filed copies of Receivership Order in the United States District Courts for the Western District of Texas[7] and the Eastern District of California[8] within ten days of being appointed as Receiver,

and it appearing that because the Defendants were properly served with the Summons and Complaint in accordance with 28 U.S.C. § 754, the Court has personal jurisdiction over the Defendants, as authorized by 28 U.S.C. § 1692;

and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1391, as "the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature," and the underlying SEC Action is brought in this district, see also Receivership Order at 2 (reading that "venue properly lies in [the district of New Jersey]");

and it appearing that before entering a default judgment, the Court must also determine whether the Complaint sufficiently pleads a cause of action and whether Plaintiff has proven damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that Count I alleges that Defendants made fraudulent and voidable transfers within the meaning of the Pennsylvania Uniform Voidable Transactions Act ("PUVTA"), 12 Pa.C.S. § 5101, the California Uniform Voidable Transactions Act ("CUVTA"), Cal. Civ. Code § 3439, and the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code § 24.001, Compl. ¶ 11;

and it appearing that to succeed in fraudulent and voidable transfer action under a PUVTA claim, a plaintiff must prove by a preponderance of the evidence that "(1) the plaintiffs are 'creditors' as defined by the statute, (2) the transfers were made with actual fraudulent intent, and

---

[7] Britton was served in El Paso, Texas. See 5:20-mc-00798-UA (W.D. Tex.).

[8] Natural Impact was served in Bakersfield, California. See 2:20-mc-00178-WBS-AC (E.D. Cal.)

(3) there are no viable defenses," Newtek Small Bus. Fin., LLC v. First Cap., Inc., No. 22-2461, 2022 WL 17486843, at *4 (E.D. Pa. Dec. 7, 2022) (citing Carroll v. Stettler, 941 F. Supp. 2d 572, 578 (E.D. Pa. 2013)) (citing 12 Pa. C.S. §§ 5104(a)(1), 5104(c), 5107(a)(1), 5108(d));

and it appearing that the PUVTA defines a "creditor" as "a person that has a claim," Pa. C.S. § 5101(b);

and it appearing that Plaintiff alleges the Receivership Parties suffered harm, due to $1,129,845.50 of Receivership Assets being improperly transferred to Defendants, without investor authorization and without the Receivership Parties receiving anything of value for these transfers, Compl. ¶¶ 8-10;

and it appearing that Plaintiff properly alleges it is a creditor as defined by PUVTA;

and it appearing that the PUVTA requires that "the transfers were made with actual fraudulent intent," Newtek, 2022 WL 17486843, at *4 (citations omitted);

and it appearing that "a guilty plea or criminal conviction of the perpetrator of the Ponzi scheme provides evidence of actual fraudulent intent," Leibersohn v. Campus Crusade for Christ, Inc. (In re C.F. Foods, L.P.), 280 B.R. 103, 111 (Bankr. E.D. Pa. 2002) (citations omitted);

and it appearing that Smith pled guilty to securities fraud in the underlying SEC Action, Compl. ¶ 3, so these transfers were made with actual fraudulent intent to satisfy the second prong of PUVTA;

and it appearing that Defendant has failed to respond to the Complaint providing any viable defenses to Plaintiff's claim, thereby satisfying the third prong of a PUVTA claim;

and it appearing that Plaintiff has thus sufficiently plead a PUVTA cause of action in Count I;[9]

---

[9] Because the Court finds Plaintiff sufficiently states a claim under the PUTVA in Count I, it need not consider whether Plaintiff adequately states a claim under the CUVTA or the TUFTA.

and it appearing that Count II alleges that Defendants were unjustly enriched through the series of transactions from May 16, 2018, until February 22, 2019, Compl. ¶¶ 13-14;

and it appearing that in order "[t]o sustain a claim for unjust enrichment a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for the party to retain without compensating the provider," Torchia v. Torchia, 346 Pa. Super. 229, 233 (Pa. Super. 1985) (quotation marks and citation omitted);

and it appearing that to successfully plead a claim for unjust enrichment a plaintiff must show "(1) the defendant[ ] received a benefit and (2) the retention of that benefit without payment would be unjust[,]" Maersk Line v. TJM Int'l L.L.C., 427 F. Supp. 3d 528, 535 (D.N.J. 2019);

and it appearing that Plaintiff sufficiently alleges that the Receivership Parties conferred a benefit upon Defendants in the form of unreturned monetary transfers and the defendants knowingly and voluntarily accepted and retained those benefits, see generally Compl. ¶¶ 29-34;

and it appearing that it would be inequitable and unjust for Defendants to retain those benefits without paying the Receiver the value thereof because these payments "bear no relationship to the trading strategies investors . . . had authorized Smith to pursue with their money," and therefore constitute an unauthorized use of investor funds, id. ¶¶ 32-34;

and it appearing that Plaintiff has thus sufficiently plead an unjust enrichment action in Count II;

and it appearing that Count III alleges a demand for accounting, since the Receiver lacks the information to determine if there were other transfers made by Receivership parties to Defendants, Compl. ¶ 15;

and it appearing that a demand for accounting is necessary "if the defendant is unjustly enriched, if the plaintiff sustained damages, or if an accounting is necessary to deter infringement," Banjo Buddies, Inc. v, Renosky, 399 F.3d 168, 178 (3d Cir. 2005) (citing George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1537 (2d Cir. 1992));

and it appearing that for the reasons stated above, Plaintiff has sufficiently has plead a claim for unjust enrichment and therefore may demand an accounting;

and it appearing that although the Court accepts the facts pled in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

and it appearing that Plaintiff's Complaint alleges that Smith caused a net total of $1,129,845.50 in Receivership Assets to be transferred to Defendants from Investment Consulting LLC, and therefore Plaintiff seeks damages in the amount of $1,129,845.50 for funds fraudulently transferred to the Defendants, see generally Compl. ¶ 29;

and it appearing that while the Court is satisfied that Plaintiff sufficiently alleges the improper transfer of $1,129,845.50, it does not adequately describe how it calculated its prejudgment interest;[10]

---

[10] Plaintiff alleges that it is entitled to a pre-judgment and post-judgment interest at Pennsylvania's statutory rate of six percent accruing from the date the funds were fraudulently transferred. Pl. Mem. at 22. Plaintiff specifically claims that it is entitled to "$313,150.94 in interest at a statutory rate of 6% on the transfers made to/for the benefit of Defendants through January 4, 2023, with interest continuing to accrue in the amount of $185.73 per day after January 4, 2023." Id.

While prejudgment interest is awarded in order to indemnify the claimant for the loss of what the moneys due him would presumably have earned if the payment had not been delayed[,]" St. Paul Fire and Marine Ins. Co. v. AVH Trucking, LLC, 2008 WL 4601771, at *4 (D.N.J. Oct. 15, 2008), the rate of pre-judgment interest is committed to discretion of the district court[.]" Sun Ship, Inc. v.. Matson Navigation Co., 785 F.2d 59, 63 (3d Cir.1986). Plaintiff fails to provide the Court with evidence showing how it calculated the $313,150.94 in pre-judgment interest. On this record, the Court cannot determine the accuracy of the claimed pre-judgment interest with any reasonable certainty and therefore is not satisfied that awarding these damages is appropriate. Plaintiff may submit a supplemental letter with additional information on how it calculated its pre- and post-judgment interest in accordance with this Order.

and it appearing that after a court is satisfied that the prerequisites for entering default have been met, it must consider the following three factors: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that Plaintiff will suffer prejudice absent an entry of default judgment, as "Plaintiff has no other means of seeking damages for the harm caused by the Defendants," Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012); see also Bank of Hope v. Chon, No. 14-1770, 2020 WL 1193071, at * (D.N.J. Feb. 18, 2020) (explaining that the defendant's failure to respond prejudiced the plaintiff, "because he has been prevented from prosecuting [his] case . . . and seeking relief in the normal fashion") (quotation marks and citation omitted);

and it appearing that, accepting the allegations in the Complaint as true, Defendants do not appear to have a meritorious defense, see HICA Educ. Loan Corp. v. Surikov, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015) (weighing this factor in plaintiff's favor where the defendant failed to respond with "evidence or facts containing information that could provide the basis for a meritorious defense");

and it appearing that Defendants' failure to respond to this lawsuit, in the face of allegations of substantial financial injuries, is sufficient to infer culpability, see U.S. Small Business Admin. v. Silver Creek Const. LLC, No. 13-6044, 2014 WL 3920489, at *5 (D.N.J. Aug. 11, 2014); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that defendant's failure to respond to communications from plaintiff and court supported a finding of culpability);

and it appearing that entry of default judgment is therefore proper;

**IT IS** on this 16th day of August 2023;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 6 is **GRANTED**; and it is further

**ORDERED** that judgment is entered against Defendants in the amount of $1,129,845.50, which represents the net total of Defendant's fraudulent transfers.  If Plaintiff chooses to seek pre- or post-judgment interest, it may file a letter on the Docket with supplemental information regarding interest rate calculations within 30 days of this Order and the Court will enter an Amended Order.

If no additional motions are filed, the case will be closed on September 18, 2023.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATE DISTRICT JUDGE**